## Case No. 173.

ALEXANDER'S ADM'R v. SELDEN.

[4 Cranch, C. C. 96.][1]

Circuit Court, District of Columbia. Nov. Term, 1830.

DOWER—DEATH OF HUSBAND NOT SEIZED — DAMAGES FOR NONASSIGNMENT—EQUITY.

If the husband does not die seized, the widow is no more entitled to damages in equity for the nonassignment of her dower than she is at law.

In equity. Bill in equity by the administrator of the widow Frances Alexander, against [Wilson C. Selden et al.] the heirs at law of her husband, [Charles Alexander, Sr.,] for an account of the rents and profits of her dower, from the time of demand until her death. Her husband in his life time had conveyed the lands to his son, Charles Alexander. Mrs. Alexander died in 1823.

Mr. Hewitt, for the plaintiff, cited Curtis v. Curtis, 2 Brown, Ch. 620, and contended that the plaintiff might recover damages in equity, even if she could not at law.

Mr. Taylor, contra. By the statute of Merton, the widow is not entitled to damages unless her husband died seized; but here her husband had in his life time conveyed the estate to his son; so that the husband did not die seized. Co. Litt. 32b; [Anon.,] 3 Dyer, 284a; Embree v. Ellis, 2 Johns. 124; [Humphrey v. Phinney,] Id. 484; Shaw v. White, 13 Johns. 179; Act Va. Dec. 6, 1792; 1 Rev. Code, 1803, p. 170, § 4.

Mr. Hewitt, for complainant, cited Herbert v. Wren, 7 Cranch, [11 U. S.] 370; Mundy v. Mundy, 2 Ves. Jr. 122; 1 Co. Litt. 588, note; and contended, that courts of equity are not confined to the legal right of dower, but may give the same damages from the time of demand of dower where the husband did not die seized as the statute of Merton gives where the husband died seized.

THE COURT was of opinion that damages cannot be given in equity which could not be recovered at law.

THRUSTON, Circuit Judge, absent.

## Case No. 174.

ALEXANDER v. THOMAS.

[1 Cranch, C. C. 92.][1]

Circuit Court, District of Columbia. April Term, 1802.

LANDLORD AND TENANT — DISTRESS FOR RENT — REPLEVIN BOND—MARSHAL'S COMMISSION.

The marshal's commission of five per cent. may be included in a replevin bond for [goods distrained for] rent.

At law.

Motion for judgment given on a replevin bond for goods distrained for rent.

Mr. Taylor, for the defendant, objected that the bond included the marshal's commission of five per cent.

But THE COURT were of opinion that the commission ought to be so included. Act of Assembly, Rev. Code, 228, 338; Act 1800, p. 10.